# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cr-00164 |
| ) | CHIEF JUDGE CRENSHAW |
| GERSON SERRANO-RAMIREZ and ) | |
| ANABELY CACERES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

A final pretrial hearing was held on September 5, 2018. Trial is set to begin on September 11, 2018, at 9:00 a.m. All counsel appeared and Mr. Serrano-Ramirez was present. For the reasons stated at the hearing and the reasons stated below, the Court makes the following final pretrial rulings.[1]

1.  Defendant has filed <u>Motion in Limine #1 (Other Acts Evidence)</u>. (Doc. No. 94.) The Government has filed a response in opposition (Doc. No. 107), and Defendant has replied (Doc. No. 110). Defendant seeks to prevent the Government from introducing, during its case-in-chief, "any evidence that the defendant committed prior bad acts." Defendant is specifically concerned that Government witnesses may testify to prior drug transactions in which he allegedly participated that, Defendant argues, are unrelated to the indicted offenses. In response, the Government states that (1) it may indeed call witnesses to testify to Defendant's prior drug sales as relevant to the charges of knowing and intentionally distributing and possessing with intent to

---

[1] Co-defendant Anabely Caceres has entered a plea in this matter. (Doc. No. 117.) Accordingly, the Motions in Limine (Doc. Nos. 87, 88, 89, 90, 91) filed by Ms. Caceres are **DENIED AS MOOT**.

distribute cocaine in Counts Four and Six, and (2) the victim will testify that it was issues regarding Defendant's drug dealing at a bar that led to the assault at issue in the witness tampering charged in Count Three. The Government argues that this is proper under the Federal Rules of Evidence. Defendant argues in its reply that the Court should rule in his favor despite "[t]he present case law in the Sixth Circuit notwithstanding." (Doc. No. 110 at 2.)

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. Prior to admitting Rule 404(b) evidence, the district court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403. United States v. Allen, 619 F.3d 518, 523 (6th Cir. 2010) (citing United States v. Mack, 258 F.3d 548, 553 (6th Cir. 2001)).

Here, as an initial matter, Defendant is charged in Count Eight with unlawfully and knowingly using and maintaining a drug premises. To the extent, therefore, that any of the "prior bad act" testimony at issue concerns alleged drug deals of Defendant at or in the immediate vicinity of his residence, this is direct evidence, not Rule 404(b) evidence, and therefore admissible regarding Count Eight without challenge on that ground.

Beyond this, the two categories of potential prior bad act evidence advanced by the Government have a permissible purpose under Federal of Evidence 404(b). First, "where the crime

2

charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." Johnson, 27 F.3d at 1192. In keeping with this principle, the Court of Appeals has "repeatedly recognized that prior drug-distribution evidence is admissible to show *intent* to distribute." United States v. Ayoub, 498 F.3d 532, 548 (6th Cir. 2007) (emphasis added); see also Johnson, 27 F.3d at 1192 ("Here, the government was required to prove beyond a reasonable doubt both that the defendant possessed the cocaine and that he did so with intent to distribute. In prosecuting specific intent crimes, prior acts evidence may often be the only method of proving intent."). Thus, evidence of prior drug distribution by Defendant is admissible to show his intent to distribute and/or possess with intent to distribute pursuant to Rule 404(b). Second, the victim's potential testimony about how Defendant's (and defendant's friends') drug dealing at the victim's bar was causing problems, and the victim's confronting Defendant about his drug dealing led to Defendant allegedly assaulting the victim and accusing him of cooperating with law enforcement about the defendant's drug dealing and gang activities. This is also permissible under Rule 404(b) because it is directly probative of Defendant's *motive* for committing the assault against the victim.

In making the determination as to Rule 403 balancing, this court looks "at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Perry, 438 F.3d 642, 649 (6th Cir. 2006); see also Mack, 258 F.3d at 555 (noting that the district court "is granted 'very broad' discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence"). Here, the Court does not find that this probative evidence, provided that it is not unduly cumulative, is outweighed by the danger of unfair prejudice or confusion of the issues before the jury. To avoid all doubt, the

Court will instruct the jury "concerning the limited purpose for which the evidence may be considered." Johnson, 27 F.3d at 1193.

However, in keeping with Sixth Circuit precedent, the Court will still insist that the Government establish to the Court's satisfaction that the prior bad acts actually occurred. That being said, the testimony of a single witness can be sufficient to conclude that the defendant committed the prior acts, even where the witness is less than completely reliable. United States v. Johnson, 456 F. App'x 464, 470 (6th Cir. 2012). Furthermore, the Court of Appeals does not require the Court to make explicit findings that every prior act occurred, stating that "[s]uch findings need not be express, but rather, may be implicit by virtue of the fact that the court admitted the evidence." United States v. Matthews, 440 F.3d 818, 828 (6th Cir. 2006). Accordingly, the Court will require the Government to make a proffer on the "prior bad act" testimony of any proposed witness outside of the presence of the jury, including notifying the Court of any available corroboration. The motion (Doc. No. 94) is therefore **DENIED** concerning testimony discussed above for which the Government makes a satisfactory proffer that the prior bad act actually occurred.

2. Defendant has filed a Motion in Limine to Exclude Certain Evidence Pursuant to Federal Rules of Evidence 401 and 403 (Doc. No. 118), that is opposed by the Government (Doc. No. 120). Defendant seeks to prevent the Government from admitting two pieces of evidence: (1) a surveillance video of the Defendant's video system from inside Defendant's home for a period of time before he was arrested, and (2) certain photographs of injuries to the alleged beating victim in this case. Defendant alleges that the former is confusing and prejudicial because it is unclear as to what Defendant is actually doing and should be excluded under Federal Rules of Evidence 401 and 403. Defendant alleges the latter is needless and cumulative and should be excluded under

Federal Rule of Civil Procedure 403. The Government responds that the video is probative (1) as to defendant's possession of the firearm because it shows him going into the room where the firearm was found shortly before the officers' entry, and (2) supports the inference that Defendant was moving about the house hurriedly hiding drugs, and that will be corroborated by statements Defendant allegedly made to other witnesses. As for the photographs, the Government argues that it must show that Defendant used "physical force" against the victim under 18 U.S.C. § 1512(a)(2), and the photographs tend to show physical injuries on the victim's head, body, and finger that are not apparent from the surveillance video that captured the attack.

Under Federal Rule of Evidence 401, "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." "The standard for relevancy is extremely liberal." United States v. Whittington, 455 F.3d 736, 738 (6th Cir. 2006) (citation omitted). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." DXS, Inc. v. Siemens Med. Sys., Inc., 100 F.3d 462, 475 (6th Cir. 1996). However, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). "Courts have routinely rejected the claim that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts." United States v. Schrock, 855 F.2d 327, 335 (6th Cir. 1998). Thus, "absent a showing

that the challenged evidence invites the jury to decide the case on an improper basis, unrelated to the probative value of the evidence, it is not unfairly prejudicial under Rule 403." Id.; see also id. ("[I]t is difficult to comprehend how unfair prejudice could be found in evidence that is claimed to lack probative value, a situation which is more favorable to the objecting party.")

The Government has explained how *some* probative value might be found in the video of Defendant's movements. While the probative value might not be overwhelming, it is not the role of the Court to exclude items of evidence of "lesser" probative value. The Court does not find that a jury will be confused by watching a silent video of Defendant moving about his house. But more importantly, Defendant's argument for exclusion is not compelling under Rule 403. Defendant essentially argues that the video should not be admitted because it is unclear – i.e., not particularly probative – and/or paints a contrary narrative of Defendant. However, these are not proper grounds for a Rule 403 objection in a criminal case. Defendant has not made any showing that the video "invites the jury to decide the case on an improper basis." Moreover, Defendant is free to argue his own interpretation of the "unclear" video to the jury.

Likewise, the photographs are probative of the physical force allegedly applied by Defendant to the victim and would not invite the jury to decide the case on an unfair basis. Stated differently, they bear directly on an element of the charged crime. In addition, the Court does not find the photographs to be cumulative of the surveillance video because up-close, still images of the specific injuries suffered by the victim are different from a surveillance video. Rather, the photographs would corroborate the activity on the video. Finally, the photographs are very few in number and will not be unduly prejudicial.

This motion (Doc. No. 118) is therefore **DENIED**.

3. Defendant has filed a <u>Motion in Limine to Exclude Certain Witnesses from Testifying on Behalf of the Government Pursuant to Federal Rule of Criminal Procedure 16</u> (Doc. No. 119), that is opposed by the Government (Doc. No. 121). Defendant argues that under Federal Rule of Criminal Procedure 16, the Government did not timely disclose to him the names of two cooperating individuals and the substance of the incriminating statements that they claim to have heard Defendant make prior to 14 days before trial. In the alternative, Defendant contends that the "spirit" of Rule 16 has been violated because these witnesses are hard to locate. Finally, Defendant requests that the Court limit the extent of the testimony of these two witnesses regarding prior bad acts and gang affiliation. Defendant also raises an issue regarding a potential conflict related to his investigator.

According to the Government, fourteen days prior to trial it provided counsel for Defendant discovery material pursuant the Jencks Act and <u>Giglio v. United States.</u> As part of that disclosure, the Government represents that it provided several reports authored by ATF Special Agent Reginald Johnson, as well as reports authored by Homeland Security Investigations Special Agent Michael Perez. Some of these reports were written as the result of interviews of several Government witnesses, including two inmate witnesses to whom the Defendant allegedly made certain admissions. On that same day, the Government filed an amended witness list that listed two potential witnesses that were incarcerated with Defendant at various times. The Government also provided counsel for Defendant two reports pertaining to the potential testimony of these two witnesses and admissions that Defendant allegedly made to these witnesses while incarcerated with the witnesses. The Government contends that it complied with Rule 16 and the Jencks Act due to the disclosure of the reports prior to the witness' testimony. The Government further argues

7

that any earlier disclosure of these witnesses' cooperation with law enforcement would have unnecessarily placed these witnesses in danger.

Federal Rule of Criminal Procedure 16 provides that the Government, upon a defendant's request, must disclose and make available "any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(B). Further, upon a defendant's request, the Government "must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Here, the Defendant allegedly made admissions to two fellow inmate witnesses. The witnesses did not record the alleged statements by Defendant, nor did Defendant write his alleged admissions to the witnesses. In short, at issue here are oral statements allegedly made by Defendant to two non-government agents. The Court agrees with the Government that such statements do not fall under the category of Rule 16 "defendant's statements" because they were neither written nor recorded and they were made to non-government agents. Furthermore, any report related to the witness' testimony relate to statements made by the witness. The Court does not find a violation of the letter nor the "spirit" of Federal Rule of Criminal Procedure 16.

Moreover, the Jencks Act provides that the Government, on a motion by a defendant and after a witness for the Government has testified, must disclose "any statement of the witness in the possession of the United States which related to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The Government has satisfied the Jencks Act by turning over information related to these two witnesses 14 days prior to trial.

Defense counsel has broadly questioned the admissibility of these two witnesses' testimony under Rules 401 and 403, without making any real substantive argument. The Court will not create contentions from whole cloth for its own consideration. See Adams v. Prunick, No. 2:08-cv-156, 2009 WL 3074366, at *1 (W.D. Mich. Sept. 23, 2009) ("It the role of the attorneys to make the arguments before the Court and it is the role of the Court to make decisions based upon those arguments."). However, Defendant has raised the issues of these witnesses' testimony regarding gang affiliation and prior bad acts. The Government has acknowledged that its questions will be limited to Defendant's alleged drug trafficking admissions and gang membership, both of which the Court has found to be relevant. The Defendant is charged with drug trafficking activity in Counts Four, Five, Six, Seven, and Nine. And the Court has previously ruled that evidence regarding Defendant's gang affiliation is relevant and admissible for the purpose of "understanding why [he] did what he did" regarding the witness tampering charge that comprises Count Three. (Doc. No. 84 at 5-6.) The Court expects the Government to limit its questioning of these witnesses as discussed at the pretrial conference.

Accordingly, the motion (Doc. No. 119) is **DENIED**.[2]

4. No later than **5:00 p.m. on September 6, 2018**, Defendant **SHALL** respond to the Government's Motion to Amend the Indictment (Doc. No. 125).

5. No later than **12:00 p.m. on September 7, 2018**:

   a. Defendant **SHALL** file lists of exhibits and witnesses (other than for impeachment);

---

[2] The Court notes that defense counsel raised an issue regarding whether his investigator, David Barela, might have a conflict of interest due to Mr. Barela's wife's previous representation of one of the Government's recently-disclosed cooperating witnesses. The Defendant has now clarified on the record that there is no conflict.

b.  The parties **SHALL** file their stipulations;

c.  Defendant **SHALL** file a one-two page, double-spaced "defense position";

d.  The parties **SHALL** file proposed jury instructions for (a) cooperating witnesses and (b) Rule 404(b) prior bad acts evidence or indicate where these are covered in the previously-filed proposed jury instructions;

e.  The parties **SHALL** confer and make a filing regarding any remaining objections or proposed changes to the proposed jury instruction for the Elements of Count Three; and

f.  The parties **SHALL** confer and file a clarifying statement regarding the "use, carry, and brandish" language in Count Five of the Superseding Indictment and how it carries over into the proposed jury instructions and verdict form. Among other things, the parties should address, for example, why, if the Superseding Indictment charges Defendant with using, carrying, and brandishing a firearm, the jury instructions at times make reference to using, carrying, or brandishing a firearm (see p. 33) and the proposed Verdict Form requires the jury to choose whether Defendant used or carried, or separately brandished, a firearm.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE